IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.                           **Case No. 12-40020-01-RDR**

JENNIFER HUGHES-BOYLES,

        Defendant.
_____

**MEMORANDUM AND ORDER**

    The court is informed that defendant is due to report to FCI Coleman Medium Camp in Coleman, Florida on October 25, 2012 to begin serving the 30-month sentence imposed by the court in this case.  This matter is now before the court upon defendant's motion to stay the sentence pending ruling upon a motion to vacate which defendant filed on October 17, 2012.  As explained below, the motion to stay shall be denied because at this stage defendant's motion and the motion to vacate do not persuade the court that special circumstances or a high probability of success exist to justify a stay of sentence.

    Defendant pleaded guilty to one count of bank fraud on February 24, 2012.  She signed and swore to the truth of a petition which stated among other things that she hoped to receive leniency but was prepared to accept any punishment permitted by law which the court saw fit to impose.  Doc. 13, p. 3.  The petition stated

that defendant was satisfied with the advice and help given to her by her attorney and that the plea was freely and voluntarily given and not the result of any force or threats. Id. at p. 4.

Defendant's plea of guilty was made pursuant to a plea agreement in which she agreed not to contest certain forfeiture allegations. Id. at pp. 9-10. Defendant assented to a lengthy recitation of a factual basis for her guilty plea. Id. at pp. 11-12. Defendant acknowledged that she would not be permitted to withdraw her plea of guilty if the court imposed a sentence with which she did not agree. Id. at p. 15. She also waived any right to appeal or collaterally attack via a motion under 28 U.S.C. § 2255 (except as limited by U.S. v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)), any matter in connection with the prosecution, conviction or the sentence to be imposed. Id. at pp. 15-16. This waiver did not extend to claims with regard to ineffective assistance of counsel or prosecutorial misconduct. Id. at p. 16. Defendant swore that she entered the plea agreement without any threats, duress or coercion. Id. at 18.

Defense counsel filed a sentencing memorandum on May 25, 2012 which reasserted some and withdrew other objections defendant initially made to the presentence report, and which requested a downward variance from the guideline range to a term of ten to sixteen months to be served under house arrest with other

conditions.  Doc. No. 22.  The court entered a preliminary order of forfeiture which included a money judgment of $596,201.22 on May 7, 2012.   The  court  conducted  an  evidentiary  hearing  regarding restitution issues on May 31, 2012 and on June 21, 2012 found that a restitution amount of $712,144.89 should be adjudged against defendant.

The court conducted a sentencing hearing on September 10, 2012.  The court granted defendant's motion for a downward variance in part and sentenced defendant to a term of 30 months.  Defendant did not file a timely appeal from the court's sentence.  But, on October 17, 2012 defendant filed the aforementioned motion to vacate and motion to stay.  Doc. Nos. 42 and 44.  The motion was filed by a new attorney for defendant.  Defendant's previous attorney has withdrawn from the case.

The motion to vacate sentence argues that defendant received ineffective assistance of counsel in several respects.  It asserts that defendant was ill-advised by her attorney regarding her right to appeal and the waiver of appeal contained in the plea agreement. It argues that defendant was pressured to some extent into entering the plea agreement and that she did not understand or was confused as to its terms, particularly as it related to the collection of restitution.  The motion to vacate charges:  that defendant's counsel should have asked government counsel to recuse; that

defendant's counsel had a conflict of interest because of dealings or connections with the victim in this case; that defendant's counsel failed or refused to present evidence or raise arguments which might have mitigated the sentence in this case; and that defendant's counsel failed to make arguments or present evidence which may have led to a more favorable restitution holding. Defendant asserts that she would not have pleaded guilty if she had known that her attorney was not going to present these arguments and this information.  In defendant's lengthy motion to vacate, however, defendant does not directly assert that she is innocent of bank fraud or explain the delay in raising some of the matters she now claims.

The Tenth Circuit has stated that "[t]o warrant release pending review of a petition for writ of habeas corpus, a defendant must demonstrate special circumstances or a high probability of success."  Barnett v. Hargett, 1999 WL 39049 *1 (10th Cir. 1/20/1999).  Although this is a slightly different situation from Barnett because it involves habeas review of a federal instead of a state conviction and defendant has yet to start serving her sentence, we would note that a similar standard was applied in U.S. v. Stewart, 127 F.Supp.2d 670, 672 (E.D.Pa. 2001) and U.S. v. Collins, 528 F.Supp. 83, 84 (E.D.Okla 1981) where requests for bail pending review of a § 2255 motion were decided and denied.

Defendant's motion to stay does not offer any argument for stay other than to imply that defendant is not a flight risk (which the court assumes to be correct) and to make reference to the claims made in the motion to vacate.  After due consideration in the context of the court's knowledge of what was presented by defendant and defendant's prior counsel in previous hearings in this case, the court does not believe special circumstances or a high probability of success is evident from the materials filed with the motion to stay and the motion to vacate.  Therefore, the motion to stay shall be denied.

**IT IS SO ORDERED.**

Dated this 22nd day of October, 2012 at Topeka, Kansas.

                                    s/Richard D. Rogers
                                    United States District Judge