# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | Case No. 12-40020-JAR |
| ) | No. 12-4134-JAR |
| JENNIFER HUGHES-BOYLES, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| _____ ) | |

## ORDER

This matter is before the Court on Petitioner Jennifer Hughes-Boyles Motion to Alter or Amend (Doc. 75). Citing Fed. R. Civ. P. 59(e), Petitioner asks the Court to alter or amend its Memorandum Order and Opinion denying without further evidentiary hearing her motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 74). The Government has responded (Doc. 77).

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[1] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[2] This Court did not preside over the underlying plea and sentencing proceedings, as the case was reassigned after Petitioner filed her

---

[1] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[2] *Servants*, 204 F.3d at 1012.

§ 2255 motion (Doc. 63). After careful review of the record and the arguments presented, the Court determines that it may have misapprehended the import of Petitioner's assertions regarding former counsel's ongoing relationship with the victim bank in these proceedings. Accordingly, the Court grants Petitioner's motion to alter or amend in part, and will conduct an evidentiary hearing on the discrete issue of ineffective assistance of counsel due to an actual conflict of interest that adversely affected Petitioner's representation.[3] In so ruling, Petitioner is reminded that she has the burden to "show that the relationship resulted in a division of loyalties which adversely affected counsel's performance."[4]

Additionally, Rule 8(c) of the Rules governing § 2255 proceedings mandates appointment of counsel if an evidentiary hearing on the motion is required. Petitioner is represented in these proceedings by counsel, William K. Rork.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion to Alter or Amend (Doc. 75) is GRANTED in part, and the Court will conduct an evidentiary hearing on the issue of effective assistance of counsel due to an actual conflict of interest that adversely affected Petitioner's representation.

**IT IS SO ORDERED.**

Dated: October 28, 2013

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE

---

[3] *United States v. Solomon*, 42 F. App'x 88, 90 (10th Cir. 2002).

[4] *Gleason v. McKune*, No. 11-3110-SAC, 2012 WL 2952242, at *19 (D. Kan. July 19, 2012) (citing *Mickens v. Taylor*, 535 U.S. 162, 172 (2002)).